UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| CARLOS ALBERTO SANTACRUZ LOPERA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Desert View Facility, et al.,<br><br>Respondents. | No. 5:26-cv-03965-JDE<br><br>ORDER REGARDING PETITION |

On July 15, 2026, Carlos Alberto Santacruz Lopera ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging his re-detention by immigration authorities without a pre-deprivation hearing violated his procedural and substantive due process rights and the Administrative Procedure Act. As for relief, Petitioner requests his immediate release; a declaration that his detention violates the Due Process Clause; an order enjoining Respondents from transferring him from the district without the Court's approval or removing him from the United States during the pendency of this action; and an order enjoining Respondents from re-detaining him unless his detention is ordered at a custody hearing before a

neutral arbiter in which the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community. Id. at 16-17.

On July 23, 2026, Respondents filed an Answer opposing immediate release, acknowledging Petitioner appears to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista"), and arguing that "[t]o the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." Dkt. 7 ("Ans."). Petitioner did not file a timely Reply, despite an opportunity to do so (Dkt. 5 at 2 ¶ 4).

Petitioner, who is a native and citizen of Columbia, entered the United States on or about August 20, 2021 and was detained by Immigration and Customs Enforcement ("ICE"). He was released on an Order of Release on Recognizance and has an asylum application pending. Pet. ¶¶ 35, 37, 41. On July 4, 2026, he was arrested by the Burbank Police Department for possession of a controlled substance for sale. After being released, he was detained by ICE. Id. ¶¶ 39-40; Ans., Form I-213. Petitioner claims he has not been provided an opportunity to contest his re-detention or an explanation why he was re-detained, though he concedes he has not requested a bond redetermination hearing. Id. ¶¶ 9, 40, 47.

As noted, Respondents oppose immediate release, but do not oppose a bond hearing, noting that Petitioner appears to be a member of the Bond Eligible Class in Bautista and subject to the Bautista judgment. In Bautista, the Honorable Sunshine Suzanne Sykes, United States District Judge, granted class-wide declaratory relief to "Bond Eligible Class" members, finding such members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under Section 1225(b)(2). Further, Judge Sykes held that

Bond Eligible Class members are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista, Dkt. 94. An appeal is pending, and the Ninth Circuit has granted a stay, but the December 2025 judgment remains in place in this district. See Bautista, et al. v. United States Department of Homeland Security, et al., Case No. 26-1044 (9th Cir.), Dkt. 17.1.

Petitioner did not respond to Respondent's suggestion that a bond hearing is the appropriate remedy here. As noted, he has not requested a bond hearing. Nor has he sufficiently explained why immediate release is warranted in his particular case. It is not apparent upon an independent review that Petitioner is a member of the Bautista class. However, given that: (i) Petitioner was taken into custody less than a month ago after an arrest for possession of a controlled substance for sale and has not requested a bond hearing; (ii) Respondents do not oppose a bond hearing under 8 U.S.C. § 1226(a); and (iii) Petitioner did not respond to Respondents' implicit suggestion of a bond hearing as the appropriate relief, the Court finds that Petitioner has not met his burden to show that immediate release is warranted at this time and the Court further finds that a bond hearing under Section 1226(a) is appropriate.

In ordering a bond hearing as set forth below, the Court relies upon the fact that in their Answer, Respondents, including the Secretary of the United States Department of Homeland Security and the Acting Attorney General of the United States, in their respective official capacity, expressly offered no opposition to such a bond hearing, implicitly conceding that an immigration judge has jurisdiction and authority to conduct such a bond hearing.

IT IS THEREFORE ORDERED that Judgment shall be entered:

(1) granting the Petition, in part, ordering Respondents to: (a) provide an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) for **Petitioner Carlos Alberto Santacruz Lopera (A# 220 235 102)**

within seven (7) days of this Order, with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond as and must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision; or (b) release Petitioner from custody on his preexisting Order of Release on Recognizance if he is not timely provided with the aforementioned bond hearing; and

(2) denying the Petition in all other respects without prejudice as unsupported, moot, and/or speculative.

Dated: July 28, 2026

JOHN D. EARLY
United States Magistrate Judge